IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JAMES NOLAN HUNT,

      Plaintiff,

v.                                            CIVIL ACTION NO: 1:21-cv-00247
                                            JUDGE _____

RED DIRT ROAD, INC., a North Carolina
Company; and, RICHARD CASEY
CORNETT, an Individual,

      Defendants.

## CIVIL COMPLANT AND JURY DEMAND

COMES NOW the Plaintiff, JAMES NOLAN HUNT, by counsel, and hereby states as follows for his grounds in the Complaint:

### PARTIES

1.     The Plaintiff, James Nolan Hunt, is and was at all times relevant, a resident of Bland, Bland County, Virginia.

2.     Upon information and belief, the Defendant, Red Dirt Road, Inc. is and was at all times relevant, a company formed under the laws of the State of North Carolina with its principal office located at 1316 Barkley Road, Statesville, North Carolina 28625.

3.     Defendant Red Dirt Road, Inc.'s registered agent in North Carolina is: Glenn Dale Cornett, 285 Brookview Road, Statesville, North Carolina 28625.

4. Upon information and belief and at all times relevant, the Defendant, Richard Casey Cornett, is a resident of Statesville, Iredell County, North Carolina, and at the time of the collision was an employee of Defendant, Red Dirt Road, Inc. working within the scope of his employment.

## JURISDICTION AND VENUE

5. That jurisdiction founded on diversity of citizenship and amount. The matter is controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. § 1332.

6. That venue is proper in this Court pursuant to Federal Rules of Civil Procedure, as this case arose in Mercer County, West Virginia.

## CHOICE OF LAW

7. Plaintiff reincorporates by reference Paragraphs 1 through 6, of this Complaint, as if fully set forth herein.

8. Plaintiff incurred injury in the State of West Virginia.

9. Under the *lex loci delicti* choice-of-law rule, West Virginia law applies.

## BACKGROUND

10. Plaintiff reincorporates by reference Paragraphs 1 through 9, of this Complaint, as if fully set forth herein.

11. On or about the 30th day of April, 2019, the Defendant, Richard Casey Cornett, negligently, carelessly, recklessly, and with utter disregard for the safety of the Plaintiff, James Nolan Hunt, operated a vehicle in such a manner as to breach the laws of the State of West Virginia, and drove a vehicle in such a manner as to strike the side of the vehicle that Plaintiff, James Nolan Hunt was driving, thereby causing injury to him.

12. Upon information and belief, at all times relevant, the Defendant, Richard Casey Cornett was the operator/driver and the Defendant, Red Dirt Road, Inc. was the owner of a 2012 Isuzu Truck Tractor and Trailer that struck the side of the vehicle being then and there driven by the Plaintiff, James Nolan Hunt and owned by Michael Patrick Hunt.

13. At all times relevant, the Defendant, Red Dirt Road, Inc. was the employer of the Defendant, Richard Casey Cornett.

14. The Defendant, Richard Casey Cornett, at all times relevant, was employed as a truck driver by Defendant, Red Dirt Road, Inc.

15. The Defendant, Red Dirt Road, Inc. is responsible for the actions, including the negligence and wrongful actions of Defendant, Richard Casey Cornett, based upon the legal doctrine of *Respondeat Superior*.

16. At all times relevant, the Defendant, Richard Casey Cornett, was acting within the scope of his employment for Defendant, Red Dirt Road, Inc. on the day of the collision, and with express and/or implied permission to drive the vehicle.

17. On or about April 30, 2019, the Plaintiff, James Nolan Hunt was traveling along Interstate 77 South in the right-hand lane and had entered the East River Mountain Tunnel when Defendant, Richard Casey Cornett, who was traveling beside the Plaintiff in the left-hand lane, attempted to merge into the right-hand lane and sideswiped the Plaintiff's vehicle forcing the vehicle to impact the tunnel wall.

18. The collision complained of in this Complaint occurred Southbound on Interstate 77 inside of the East River Mountain Tunnel, in Bluefield, Mercer County, West Virginia on or about April 30, 2019.

19. On April 30, 2019, after the aforesaid accident, law enforcement officers determined that the Defendant, Richard Casey Cornett, was careless, failed to keep his vehicle in the proper lane, and was issued a citation for Improper Lane Change.

## COUNT I – NEGLIGENCE
### (Defendant Company, Red Dirt Road, Inc.)

20. Plaintiff reincorporates by reference Paragraphs 1 through 19, of this Complaint, as if fully set forth herein.

21. The Defendant, Red Dirt Road, Inc. negligently entrusted its vehicle to Richard Casey Cornett, whose negligence, incompetence, inexperience, or recklessness was known or should have been known by Red Dirt Road, Inc. at the time of the events made subject to the Complaint.

22. The breach of duty and negligence by Defendant, Red Dirt Road, Inc. directly and proximately caused damage to the Plaintiff, including, but not limited to: injury to his head, neck, left upper arm, lower back, and hearing loss as well as other physical and psychological damages which may be determined permanent in nature requiring past, present and future medical treatment; along with past and future medical bills; past and future lost wages; physical pain and mental pain; anguish and suffering; and, loss of quality of life, past and future, all of which such damages will continue in the future.

23. The actions of the Defendant, Red Dirt Road, Inc. were done negligently and/or with such willful, wanton, and reckless disregard for the Plaintiff.

## COUNT II – NEGLIGENCE
### (Defendant Driver, Richard Casey Cornett)

24. Plaintiff reincorporates by reference Paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25. The Defendant, Richard Casey Cornett, failed to follow West Virginia law regarding limitations and restrictions when driving a tractor-trailer truck.

26. The Defendant, Richard Casey Cornett, was inattentive while driving a tractor-trailer truck, which inattentiveness violated the laws of the State of West Virginia.

27. The Defendant, Richard Casey Cornett, owed a legal duty to the Plaintiff to operate and maintain control of the vehicle in a reasonable and safe manner according to the laws of the State of West Virginia.

28. Defendant, Richard Casey Cornett violated duties owed to the Plaintiff, James Nolan Hunt, in the following manner:

   a. Failure to maintain proper control of the vehicle;

   b. Failure to keep a proper lookout;

   c. Failure to exercise proper precaution while driving a vehicle;

   d. Failure to exercise due care to avoid colliding with any vehicle upon any roadway;

   e. By striking the Plaintiff's vehicle and endangering the Plaintiff;

   f. Failure to change lanes to avoid this collision; and,

   g. Any and all other acts or omissions which may hereafter become apparent.

29. Defendant, Richard Casey Cornett, breached the duty owed to the Plaintiff, James Nolan Hunt, by operating the vehicle negligently, carelessly, willfully, wantonly, and recklessly,

in breach of the applicable standard of care in operating a tractor-trailer truck on Interstate 77 Southbound, on April 30, 2019, and the laws of the State of West Virginia.

30. The breach of duty and negligence by Defendant, Richard Casey Cornett directly and proximately caused damage to the Plaintiff, James Nolan Hunt, including, but not limited to: injury to his head, neck, left upper arm, lower back, and hearing loss as well as other physical and psychological damages which may be determined permanent in nature requiring past, present and future medical treatment; along with past and future medical bills; past and future lost wages; physical pain and mental pain; anguish and suffering; and, loss of quality of life, past and future, all of which such damages will continue into the future.

31. The actions of the Defendant, Richard Casey Cornett, were done negligently and/or with such willful, wanton, and reckless disregard for the Plaintiff.

## COUNT III – VICARIOUS LIABILITY
**(Defendant Company, Red Dirt Road, Inc. for the Acts of its Employees and/or Agents Under the Doctrine of *Respondeat Superior*)**

32. Plaintiff reincorporates by reference Paragraphs 1 through 31 of this Complaint, as if fully set forth herein.

33. Upon information and belief, at all times relevant hereto, the Defendant, Richard Casey Cornett was an employee and/or agent of Red Dirt Road, Inc.

34. Upon information and belief, at all times relevant hereto, the Defendant, Richard Casey Cornett, who was truck driver, was acting within the course and scope of his employment and/or agency, and with the authority of Red Dirt Road, Inc.

35. Richard Casey Cornett, an employee and/or agent of Red Dirt Road, Inc., owed Plaintiff a duty to use reasonable care in driving the truck tractor and trailer in the employment of Red Dirt Road, Inc.

36. Richard Casey Cornett, an employee and/or agent of Red Dirt Road, Inc., negligently, carelessly, and recklessly failed to operate and maintain control of the vehicle in a reasonable and safe manner to prevent the foreseeable danger to the Plaintiff and others.

37. Richard Casey Cornett, an employee and/or agent of Red Dirt Road, Inc., was negligent, careless, and reckless in the performance of his duties in operating a truck tractor and trailer as an employee and/or agent for Red Dirt Road, Inc. and in causing the aforementioned striking of another vehicle and the injuries, damages, and losses to Plaintiff.

38. The above-listed breaches of duty were a direct and proximate cause of the injuries, damages, and losses sustained by Plaintiff including liquidated, special, and unliquidated damages and losses as those measures of damages are defined by West Virginia law.

39. The negligent, careless, and reckless conduct of the employee and/or agent of Red Dirt Road, Inc. was a direct and proximate cause of the striking of another vehicle, and Plaintiff suffering economic and non-economic injuries, damages, and losses including liquidated, special, and unliquidated damages and losses as those measures of damages are defined by West Virginia law as described in the Complaint.

40. The acts and/or omissions of the employee and/or agent of Red Dirt Road, Inc. at the time of the accident are by law deemed the acts and/or omissions of Red Dirt Road, Inc.

## PRAYER FOR RELIEF

WHEREFORE, based upon the above allegations, the Plaintiff, James Nolan Hunt hereby demands judgment against the Defendants, Red Dirt Road, Inc. and Richard Casey Cornett, jointly and severally, as follows and as pled within the above Complaint:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Pain, suffering, inconvenience, annoyance, loss of income, loss of enjoyment of life, and other general damages as permitted by law, all of which should continue into the future, in an amount to be determined by a jury;

    c.    Pre-judgment interest;

    d.    Post-judgment interest (if applicable);

    e.    Attorney's fees and costs incurred in the prosecution of this action; and,

    f.    All other and further relief deemed just and proper under the law.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

JAMES NOLAN HUNT,

By Counsel:

_/s/ Troy N. Giatras_
Troy N. Giatras, Esquire
*The Giatras Law Firm, PLLC*
118 Capitol Street, Suite 400
Charleston, West Virginia 25301
(304) 343-2900
WV State Bar ID No. 5602
E-mail: troy@thewvlawfirm.com