IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JAMES NOLAN HUNT,

    Plaintiff,

v.                          CIVIL ACTION NO. 1:21-00247

RED DIRT ROAD, INC., a North
Carolina Company; and, RICHARD
CASEY CORNETT, an individual,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendants' motion to allow their insurance carrier's representative to attend an upcoming mediation session remotely. (ECF No. 55.) The mediation is to be held in Charleston, West Virginia. (Id.) The claims specialist with the insurance company for defendants is located in Wisconsin. Plaintiff opposes the motion. For the reasons that follow, the court will deny the motion.

Under this court's local rules, in-person attendance at mediation is required, but parties may seek approval to attend mediation remotely. See LR Civ P 16.6.4. In-person attendance is more conducive to a productive mediation than remote appearance. That said, remote appearances are appropriate with good cause (which typically includes the agreement of the parties).

Defendants state that the insurance company has a policy of limiting the travel of its employees in light of COVID-19 and its related variants. The insurance company also allows over half of its staff to work remotely. Defendants say that the "inherent risks of . . . contemporary travel" amount to good cause to for remote appearance. (Id. at 2.)

The proffered good cause is insufficient here. Notably, plaintiff does not agree to the proposed remote appearance. And while the court does not wish to downplay concerns over COVID-19 and its related variants, these risks must be weighed against the significant benefits of in-person attendance. The interests of judicial economy counsel against action that may hinder alternative dispute resolution, and the circumstances here do not warrant a departure from the default rule of in-person attendance.

For the foregoing reasons, the court expects that all parties appear for mediation in person, and the motion (ECF No. 55) is **DENIED**. The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 25th day of July, 2022.

ENTER:

David A. Faber
Senior United States District Judge